-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICHARD A. PAUL, 18621 436,

        Petitioner,

        -v-

DEPARTMENT OF HOMELAND SECURITY,
GONZALEZ, U.S. Atty. Gen., CHARLES MULE, Fac.Dir.,
WILLIAM CLEARY, Dist.Director,
Mr. C. HERON, Chief of Fac. Security,

        Respondents.

05-CV-0704A

MEMORANDUM and ORDER

---

Petitioner Richard Paul, who is presently detained at the Buffalo Federal Detention Facility pursuant to a final order of removal, has filed what he has self-styled as "Petition for Mandatory Injunction and Declaratory Relief Pursuant to 28 U.S.C. § 2241, § 2243 and § 2201" seeking to enjoin respondents from failing to follow mandatory procedures regarding removal proceedings. (Docket No. 1). Petitioner has also filed what he has entitled "Evidentiary Submission" in support of his request for a preliminary injunction and declaratory relief set forth in the Petition. (Docket No. 2). He also requests a stay of removal. (Docket No. 2). Based on a review of the Petition and Evidentiary Submission, it is clear to the Court that petitioner is simply attempting to avoid the impact of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (codified at 8 U.S.C. § 1252), which divested district courts of jurisdiction over petitions for habeas corpus relief challenging a final order of removal. Despite how petitioner phrases the relief sought, he is clearly seeking to challenge a final order of removal. Because this Court does not have

jurisdiction to review the order of removal challenged herein and because this Court has previously transferred an earlier filed petition for habeas corpus relief challenging the same order of removal pursuant to the REAL ID Act, Pub. L. No. 109-13, § 106(c), 119 Stat. 231 (2005) (*Paul v. United States Department of Homeland Security*, 04-CV-0523A) ("*Paul I*"), this Court must dismiss the instant Petition for want of jurisdiction without prejudice to re-filing in the Second Circuit Court of Appeals. Petitioner must seek any stay of removal in the Court of Appeals.

## BACKGROUND

On July 19, 2004, petitioner filed a petition for habeas corpus relief, pursuant to 28 U.S.C. § 2241, challenging a final order of removal and, specifically, the Board of Immigration Appeals' finding that he was not entitled to discretionary relief from removal pursuant to section 212(c) of the Immigration and Nationality Act ("INA"), as amended, 8 U.S.C. 1182(c). (*Paul I*). The Court issued a stay of removal and directed respondent to answer the petition. (*Paul I*, Docket No. 3). On April 8, 2005, petitioner filed another petition for habeas corpus relief, pursuant to 28 U.S.C. § 2241, which challenged the BIA's order denying his motion to reopen his removal proceedings. (*Paul v. Department of Homeland Security*, 05-CV-0246A) ("*Paul II*"). On April 21, 2005, the Court issued an Order in both *Paul I* and *Paul II*, directing the Clerk of the Court to treat the petition filed in *Paul II* as a motion to amend the petition filed in *Paul I*, granting the motion to amend, and closing *Paul II*. (*Paul I*, Docket No. 13; *Paul II*, Docket No. 3).

Following passage of the REAL ID Act, respondent in *Paul I* filed a Notice of Applicability of the REAL ID Act, which advised both petitioner and the Court that it believed *Paul I* should be transferred to the Second Circuit Court of Appeals pursuant to the REAL ID Act, § 106(c). On June 8, 2005, the Court transferred the petition, pursuant to § 106(c) of the REAL ID Act, to the Court of Appeals. (*Paul I*, Docket No. 19).

## DISCUSSION

As noted above, this Court has no choice but to construe the instant Petition for what it is, an end run around both the REAL ID Act and the Court's Order in *Paul I* transferring that matter to the Court of Appeals. The instant petition is nothing more than a petition for habeas corpus relief challenging the BIA's final administrative order of removal and denial of his motion to reopen the removal proceedings. *See Chambers v. U.S.*, 106 F.3d 472, 475 (2d Cir. 1997) (*Pro se* petitions should be characterized according to the relief sought, and not to the label given to them by pro se prisoners unlearned in the law). The instant Petition and Evidentiary Submission complain that other similarly situated aliens were treated differently from petitioner and were allowed to seek relief from removal pursuant to INA, § 212(c). In fact, the Evidentiary Submission includes summaries of cases where similarly situated aliens did obtain review of their requests for relief from removal. While phrased in terms of an injunction and declaratory relief, the sole nature of the relief sought in the petition is relief from the

order of removal which this Court does not have jurisdiction over. REAL ID Act, § 106(a), INA, § 242, as amended, 8 U.S.C. § 1252(a)(5).[1]

As noted, the sole and exclusive means to review "an order of removal," such as the one challenged herein, is through a petition for review with the appropriate court of appeals, REAL ID Act, § 106(a), INA, § 242, as amended, 8 U.S.C. § 1252(a)(5), and, accordingly, the instant matter must be dismissed without prejudice to refiling in the Court of Appeals. *Griffith v. Dept. of Homeland Security*, No. 05-CV-0644S, 2005 WL 2338866 *1 (September 3, 2005 W.D. N.Y.); *Aime v. Department of Homeland Security*, No. 05-CV-0544F, 2005 WL 1971894, *1 (W.D.N.Y.2005); see also *Flores-Diaz v. U.S.*, No. 2:05-CV-710 TS, 2005 WL 2456983 (D.Utah, Oct 05, 2005) (there is no similar provision in REAL ID Act for the transfer of cases erroneously filed in district courts after the effective date of the Act). Any requests for a stay of removal must be made to the Court of Appeals.

If petitioner intends to appeal from this Order, he must file any notice of appeal from this Order with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. The Court

---

[1] 8 U.S.C. § 1252(a)(5) provides:

(5) Exclusive means of review

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section *shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter*, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory). (Emphasis added).

hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962). Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS HEREBY ORDERED** that the application to proceed *in forma pauperis* is granted, the Petition for Mandatory Injunction and Declaratory Relief Pursuant to 28 U.S.C. § 2241, § 2243 and § 2201 is dismissed without prejudice to it being re-filed in the Second Circuit Court of Appeals and the request for a stay of removal is denied without prejudice.

SO ORDERED.

DATED:  Buffalo, New York
         October 11, 2005

                                            _____
                                            JOHN T. ELFVIN
                                            UNITED STATES DISTRICT JUDGE